EXHIBIT "A"

AFFIDAVIT IN SUPPORT OF

VERIFIED COMPLAINT IN REM

I, Jon T. Wiseman, being first duly sworn on oath, depose and say:

I.   INTRODUCTION:

1.   I am employed as a Special Agent with the United States Drug Enforcement Administration (DEA), and have been so employed since May 2003 and am currently assigned to the Seattle Field Division, Spokane Regional Office.  As a Special Agent, I am responsible for the enforcement of the Uniform Controlled Substances Act, Title 21, United States Code, Section 801, et seq.

II.   AFFIANT'S EXPERIENCE AND BACKGROUND:

2.   As a Special Agent with the DEA, I have received specialized training in the enforcement and investigation of the Controlled Substances Act.  I have received over 620 hours of classroom training, including, but not limited to, drug identification, drug interdiction, detection, money laundering techniques and schemes, smuggling and the investigation of individuals and/or organizations involved in the illegal possession, possession for sale, sales, importation, smuggling, cultivation, manufacturing and illicit trafficking of controlled substances.

3.   In addition to said training, in 1991 I attended the Washington State Basic Law Enforcement Academy.  From October, 1991, through April, 2003, I worked as a police officer for the Richland Police Department in Richland, Washington.  From January, 1995, through

EXHIBIT "A" AFFIDAVIT - 1

December, 1997 and January, 2001, through December, 2002, I was assigned as a detective with the Tri-Cities Metro Drug Task Force, located in Pasco, Washington, which specialized in the investigation of drug crimes for the purpose of state and federal prosecutions and convictions. I have written and participated in numerous search and seizure warrants for narcotics and dangerous drugs, and the records, books and proceeds derived as a result of this illicit activity.

4. Your affiant has obtained the information for this affidavit through personal knowledge, conversation with other officers, and the review of reports and records. I make this affidavit in support of the foregoing Verified Complaint In Rem against the following real property (hereinafter Subject Property):

> Property located at 5294 BANDY ROAD, PRIEST RIVER, BONNER COUNTY, IDAHO, more particularly described as follows:
>
> That part of the South Half of the Southwest Quarter of Section 13, Township 55 North, Range 4 West, Boise Meridian, lying between the Bandy County Road Right of Way and the East side of the Spokane International Railroad right of way.

III. PROBABLE CAUSE:

5. This investigation was initiated on or about March 22, 2012, based on information received by a Confidential Informant (CI) of a marijuana cultivation/distribution conspiracy in the North Idaho area. The CI stated that "Ron" and an un-named co-conspirator had a marijuana cultivation operation that has a history of producing at least three (3) pounds of high-quality marijuana every seven (7) weeks. Through my training and experience, I have found that this time frame is consistent with an indoor marijuana-growing operation. The CI further stated that the CI has purchased both starter marijuana plants and marijuana that was processed for consumption from "Ron" in the past. Finally, the CI stated that (s)he had purchased 1/8 ounce of marijuana from "Ron" in the recent past and owed "Ron" $50.00 for that purchase. The CI further stated that "Ron"

EXHIBIT "A" AFFIDAVIT - 2

frequently travels to an unknown location in the North Idaho area, where he and the co-conspirator are growing marijuana.  Finally, the CI stated that "Ron" had been growing and selling marijuana in the Coeur d'Alene area since 1983 and that "Ron" has been supplementing his income from the sale of marijuana from this source.

6. Idaho State Police detectives have now made the following purchases/deliveries from "Ron" (now identified as ***Ronald Alan Rodgers)*** to the CI:

- A controlled delivery of eleven (11) juvenile marijuana plants on 03/26/2012;
- A controlled purchase of approximately 32.2 gm of marijuana on 04/02/2012 for $200;
- A controlled purchase of approximately 121.3 gm of marijuana on 04/11/2012 for $800;
- A controlled purchase of approximately 184.2 gm of marijuana on 04/11/2012 for $1200;
- A controlled purchase of approximately 16.0 gm of marijuana on 05/10/2012 for $100; and
- A no-dope meeting where the CI paid Rodgers $50.00 for the juvenile marijuana plants he received on 03/26/2012.  This meeting took place on 05/14/2012.

7. During these purchases and/or meetings, the CI was wearing either a recording transmitter or a transmitter and separate recording device.  Idaho State Police detectives maintained post-buy surveillance of Rodgers.  On April 11, 2012, immediately after selling marijuana to the CI, Rodgers drove from his residence directly to 5294 Bandy Road, Priest River, Bonner County, ID.  He remained at that location for approximately one hour and then drove directly to his residence.  This trip took approximately three hours (one hour up, one hour there and one hour back).  Prior to making the trip, Rodgers told the CI that he was planning to go to his source and pick up "eight more ounces."  Rodgers also told the CI that the trip to his source would take approximately three (3) hours.  Rodgers described his source as being "about an hour each way," saying that he would "probably visit an hour."  On April 12, 2012, a law enforcement officer was present while the CI

EXHIBIT "A" AFFIDAVIT - 3

made a recorded telephone call to Rodgers. During the call, Rodgers told the CI his trip had been "successful."

8. A search of Bonner County Records showed that the property at 5294 Bandy Road is owned by Nathan Allen Schumacher. The property was purchased in July, 2005 by Dane Lou Schumacher and quitclaimed to Nathan Schumacher via a quitclaim deed in June, 2006. Dane Schumacher currently lists 5294 Bandy Road as his permanent address. Nathan Schumacher resides at 10608 N. Meyer Road, Rathdrum, Idaho.

9. Idaho State Police detectives initiated surveillance of 5294 Bandy Road and 10608 N. Meyer Road. On April 19, 2012, a gray GMC pickup was observed by law enforcement, with a black utility trailer pulling into the Bandy Road address. This same truck (a gray, 1999 GMC Sierra pickup, Idaho license plate 5809K) has been observed by law enforcement in the garage at 10608 N. Meyer Road. This vehicle is registered to Nathan Schumacher. The trailer has also been seen by law enforcement parked in front of the Meyer Road address. On April 19, 2012, while the truck was there, a young, white male and an older, white male were both entering and exiting the shop at the Bandy Road address. The young male was the truck's driver. Law enforcement officers confirmed this to be Nathan Schumacher and found him to be identical to the young male observed at Bandy Road on April 19, 2012.

10. Surveillance of 5294 Bandy Road also identified a blue Ford Ranger pickup parked adjacent to the residence. The vehicle is currently registered to Dane Lou Schumacher and shows the registered address as 5294 Bandy Road, Priest River, ID. On April 20, 2012, an older male was observed by law enforcement walking from the residence and then driving away in the blue Ford Ranger.

EXHIBIT "A" AFFIDAVIT - 4

11. Power records were subpoenaed from Northern Lights Power and the records show that the power has been listed since 2007 under the name of "Dane L. Schumacher." Beginning in November of 2008, the power usage leapt from 304 KWH/month to 2483 KWH/month. From that time to this date, the power usage is consistently above 2000 KWH/month. Based upon my training and experience, this is high for a single-occupant dwelling of this nature. There is no significant difference between summer and winter in power usage, which is also unusual.

12. Cellular telephone records were subpoenaed for Ronald A. Rodgers' and Dane L. Schumacher's phones. These records confirmed several calls between Schumacher's cellular phone and Rodgers' cellular phone over the past year. On April 11, 2012 (when law enforcement followed Rodgers driving to and from the Bandy Road address where he reportedly picked up "eight ounces" of marijuana) there were two telephone calls from Rodgers' cell number to Schumacher's cell number; one at 1326 hours (before the controlled buy) and one at 1427 hours (approximately four minutes after the controlled buy was concluded).

13. Neither Dane L. Schumacher nor Ronald A. Rodgers has any significant criminal history.

IV. CONCLUSION:

14. The Affiant concludes that the Subject Property is forfeitable as follows:

Based on evidence of its use and its being intended for use to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and specifically section 841 which makes it a felony to illegally manufacture, possess and distribute marijuana, and pursuant to 21 U.S.C. § 881(a)(7) which states that all real property which is used, or intended to be used, in any manner or part, to

EXHIBIT "A" AFFIDAVIT - 5

commit, or to facilitate the commission of a drug-trafficking violation shall be subject to forfeiture to the United States.

    FURTHER, your affiant sayeth naught.

                         ___/s/_____
                          Jon T. Wiseman, Special Agent
                          Drug Enforcement Administration

STATE OF WASHINGTON   )
COUNTY OF SPOKANE     ) ss.

    Subscribed and sworn to before me this 12th day of June, 2012.

                          __/s/_____
                          Notary Public for Washington
                          Residing at Spokane, WA
                          My commission expires: 10/27/2015

EXHIBIT "A" AFFIDAVIT - 6